IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEPHEN KELLY, | ) | 4:11CV3208 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM** |
| | ) | **AND ORDER ON INITIAL** |
| v. | ) | **REVIEW, MOTION FOR** |
| | ) | **TEMPORARY RESTRAINING** |
| MALLORY REEVES, in her official | ) | **ORDER AND OR PRELIMINARY** |
| capacity, | ) | **INJUNCTION, AND MOTION TO** |
| | ) | **SET FORTH HEARING FOR** |
| Defendant. | ) | **ORAL ARGUMENT ON T.R.O.** |

The plaintiff, Stephen Kelly, ("Kelly") filed his Pro Se Civil Complaint in this matter on November 22, 2011. (Filing No. 1.) By my December 12, 2011, Memorandum and Order on Application to Proceed Without Prepayment of Fees and Affidavit Kelly was given leave to proceed in forma pauperis. (Filing No. 7.) I now conduct an initial review of the complaint to determine whether summary dismissal is appropriate pursuant to 28 U.S.C. § 1915A.

## I.    SUMMARY OF COMPLAINT

Kelly filed his complaint against one defendant, Mallory Reeves ("Reeves"), who Kelly identifies as a nurse and an employee of Saunders County, Nebraska. (Filing No. 1 at CM/ECF pp. 1, 3-4.) Kelly sues Reeves in her official capacity only. (*Id.* at CM/ECF p. 1.)

Condensed and summarized, Kelly alleges that he was incarcerated at the Saunders County Jail for three days, from June 26, 2011, until June 28, 2011. (*Id.* at CM/ECF p. 2.) Prior to, and during, his three-day incarceration, Kelly suffered from a "severe thyroid condition" and manic depressive disorder. (*Id.* at CM/ECF pp. 3, 7.) When Kelly entered the jail, he brought with him his thyroid medication, which

included a prescription requiring that he take the medication at the same time every day on an empty stomach. (*Id.* at CM/ECF pp. 7-13.)  However, Reeves refused to provide Kelly with his thyroid medication prior to eating breakfast, instead administering it in accordance with Saunders County Jail's "medical protocol." (*Id.* at CM/ECF pp. 13-17.)  As such, Kelly took his thyroid medication later than he normally does, on a full stomach, and it therefore failed to regulate his thyroid properly.  As a result, Kelly became ill.  (*Id.* at CM/ECF pp. 18-19.)

Additionally, regarding Kelly's mental health issues, he alleges that he requested a visit from a mental health practitioner during his incarceration because he was "hysterical" and "crying uncontrollably." (*Id.* at CM/ECF p. 24.)  Reeves refused to allow Kelly to see an outside mental health professional, in accordance with the Saunders County Jail's "medical protocol." (*Id.* at CM/ECF pp. 24-26.)  After the refusal of treatment, Kelly allegedly attempted to commit suicide, after which Saunders County Jail employees took him to the emergency room for treatment. (*Id.* at CM/ECF pp. 27-28.)  The hospital physician prescribed Kelly Benadryl, which Reeves administered to Kelly two times per day, rather than the prescribed three times per day. (*Id.* at CM/ECF pp. 28-32.)

Kelly alleges that Reeves' refusal to administer his medication properly or allow him outside mental health treatment, amounted to "deliberate indifference" to his serious medical needs. (*Id.* at CM/ECF p. 4.)  Kelly seeks a court order enjoining Reeves from engaging in the same conduct during his planned February 2012 incarceration in the Saunders County Jail.

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

I am required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e)(2).  I must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails

to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.   DISCUSSION OF CLAIMS

Kelly names Reeves, a Saunders County employee, as the sole defendant and specifies that she is sued in her official capacity only. (Filing No. 1.) "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Therefore, the claims against Reeves in her official capacity only are actually claims against her employer, Saunders County, Nebraska.

A county may only be liable under section 1983 if its "policy" or "custom" caused a violation of Kelly's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an

official who has the final authority to establish governmental policy.  *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental custom, a plaintiff must prove:

1)      The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2)      Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3)      That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Kelly does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Saunders County or its employees. Rather, Kelly alleges two isolated incidents in which he was administered his medication later than he desired, and one incident in which he was denied immediate outside medical assistance upon request. (Filing No. 1.)  Further, Kelly does not allege that Reeves is a policymaking official, that any Saunders County policymaking officials knew of Reeves' alleged conduct, or that such officials authorized or were deliberately indifferent to the alleged conduct. (*Id.*)  Accordingly, Kelly has failed to allege sufficient facts to "nudge" his claims against Saunders County across the line from conceivable to plausible under the *Jane Doe* standard.

However, on its own motion, the court will permit Kelly 30 days in which to amend his Pro Se Civil Complaint to sufficiently allege a claim against Reeves and

Saunders County, in accordance with the *Jane Doe* standard. Any amended complaint shall restate the allegations of Kelly's prior Pro Se Civil Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Kelly fails to file an amended complaint in accordance with this Memorandum and Order on Initial Review, Motion for Temporary Retraining Order, and or Preliminary Injunction and Motion to Set Forth Hearing for Oral Arguments on T.R.O. this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## IV.   PENDING MOTIONS

Also pending before the court are Kelly's Motion for Temporary Restraining Order, and or Preliminary Injunction (filing no. 5) and Motion to Set Forth Hearing for Oral Arguments on T.R.O. (filing no. 6.) The standards set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981), apply to Kelly's Motion for Temporary Restraining Order, and or Preliminary Injunction. In *Dataphase*, the court, sitting *en banc*, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

*Id.* at 114; *see also Planned Parenthood v. Rounds*, 530 F.3d 724, 732-33 (8th Cir. 2008) (reiterating *Dataphase* factors and finding that unless implementation of state statute is at issue, "district courts should still apply the familiar 'fair chance of prevailing' test"). "No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998). "At base, the question is whether the balance of equities so favors the movant

5

that justice requires the court to intervene to preserve the status quo until the merits are determined. . . ." *Dataphase*, 640 F.2d at 113.

As set forth above, Kelly has not set forth a plausible cause of action against Reeves. Without sufficient amendment, the Pro Se Civil Complaint will be dismissed for failure to state a claim upon which relief must be granted. In light of this, and in balancing all of the factors, it is apparent that Kelly has not alleged, or submitted any evidence showing, that there is a fair chance that he will succeed on the merits of his claims. As such, at this point in the proceedings and in consideration of all of the factors, I see no reason to "intervene . . . until the merits are determined . . . ." *Dataphase*, 640 F.2d at 113.

IT IS THEREFORE ORDERED that:

1.     Kelly shall have until **February 6, 2012**, to amend his Pro Se Civil Complaint and clearly state a claim upon which relief may be granted against Saunders County, Nebraska, in accordance with this Memorandum and Order on Initial Review**,** Motion for Temporary Retraining Order and or Preliminary Injunction and Motion to Set Forth Hearing for Oral Arguments on T.R.O. . If Kelly fails to file a sufficient amended complaint, Kelly's Pro Se Civil Complaint will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2.     In the event that Kelly files an amended complaint, Kelly shall restate the allegations of the current Pro Se Civil Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3.     The clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **February 6, 2012**, and dismiss if none filed.

4.     Kelly shall keep the court informed of his current address at all times while this case is pending.  **Failure to do so may result in dismissal without further notice.**

5.     Kelly's Motion for Temporary Restraining Order, and or Preliminary Injunction (filing no. 5) and Motion to Set Forth Hearing for Oral Arguments on T.R.O. (filing no. 6) are denied.

Dated January 9, 2012.

                              BY THE COURT

                              s/ Warren K. Urbom
                              United States Senior District Judge